## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**RAQUEL CLARK,**

   Plaintiff,

-vs-

**COUNTY OF MUSKEGON,**
**ASHLEY N. DEROOY, and**
**JERID HERMAN, in their individual and**
**official capacities,**

   Defendants.

CASE NO. 20-    CV
HON.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION
RISING OUT OF THE TRANSACTION OR OCCURRENCE
ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

   **NOW COMES** Plaintiff, **RAQUEL CLARK**, by and through her attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the

above-named Defendants states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a resident of the City of Muskegon, County of Muskegon, State of Michigan.

2.     Defendant County of Muskegon is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.     The individually-named Defendants are and/or were corrections officers employed by the Muskegon County Sheriff's Department and were acting under color of law and within the course and scope of their employment at all times mentioned herein.

4.     The individually-named Defendants were acting in their individual and official capacities at all times mentioned herein.

5.     All relevant events giving rise to this lawsuit occurred in the County of Muskegon, State of Michigan.

6.     That this lawsuit arises out of Defendants' violation of Plaintiffs' federal constitutional rights as secured by the Fourteenth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343 [federal question] and 28 U.S.C. § 1343 [civil rights].

8.  Plaintiff also invokes the supplemental jurisdiction of this Court over her states claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367, as the common law claims form part of the same case or controversy.

9.  All actions relevant to this cause of action occurred in the County of Muskegon, State of Michigan.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the cause of action occurred in this District.

11. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTUAL BACKGROUND

12. Around 3:00 p.m., on January 27, 2018, Plaintiff was arrested for public intoxication by Muskegon Heights police officer DeKuiper for public intoxication and taken to the Muskegon County Jail to be lodged.

13. Around 3:30 p.m., on January 27, 2018, DeKuiper brought Plaintiff into the jail and she was visibly intoxicated and unsteady.

14.   While in the jail search area, Defendant DeRooy had Plaintiff put her hands up on the wall and picked her left leg up causing Plaintiff to lose balance and thereafter causing Plaintiff's ankle/leg to twist and snap/break causing Plaintiff to fall to the floor.

15.   Defendant DeRooy then told Plaintiff to get up which Plaintiff could not do.

16.   Defendant Herman then told Plaintiff to get up which she could not do.

17.   Both Defendants then made Plaintiff get up and stand and then walk on a broken ankle/leg to another cell.

18.   Eventually, Plaintiff was medically checked out by a jail nurse who stated Plaintiff needed emergent care.

19.   The Defendants superiors nor any other Muskegon County Corrections officers deemed it necessary for Plaintiff to get emergency care so the arresting officer DeKuiper had to come back and get Plaintiff and take her to the hospital.

20.   That as result, Plaintiff sustained significant spiral/twisting fractures to her ankle and leg requiring surgery as well as, subsequent medical treatment and hospitalizations due to infections in the broken bones.

**COUNT I**
**VIOLATION OF CONSTITUTIONAL RIGHTS**

**(DEFENDANT DEROOY)**

21.  Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

22.  Under the Fourteenth Amendment of the United States Constitution, a person who is in pre-trial detention has a right to receive care that is designed to meet both their routine and emergency medical needs.

23.  Because she was severely intoxicated, Plaintiff had a serious medical need for assistance in ordinary physical activities.  In particular, Plaintiff had a serious and obvious need for help standing.   This medical need was obvious, in light of the facts that Defendant knew because of observations of her movements showed that she was prone to stumbling and falling and balancing.

24.  Because Plaintiff had an obvious medical need, she had a constitutional right to receive care for that need under the Fourteenth Amendment.

25.  Defendant DeRooy was deliberately indifferent to Plaintiff's serious medical needs while she was frisking Plaintiff and especially when she made her stand on one leg.  Defendant DeRooy manifested this deliberate indifference by, among other things:

(a) compelling Plaintiff to stand without assistance;

(b) compelling Plaintiff to stand on one leg;

(c) failing to observe Plaintiff as she stood on one leg;

(d) failing to help Plaintiff as she was compelled to stand on one leg; and

(e) failing to provide assistance or physical support to Plaintiff when she compelled to stand on one leg.

26.  Defendant DeRooy's deliberate indifference to Plaintiff's medical needs violated her constitutional rights under the Fourteenth Amendment of the United States Constitution and violated her statutory rights under 42 U.S.C. § 1983.

27.  Defendant DeRooy's violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of her injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF CONSTITUTIONAL RIGHTS
## (DEFENDANT DEROOY AND DEFENDANT HERMAN)

28.   Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

29.   Under the Fourteenth Amendment to the United States Constitution, a person who is in pre-trial detention has a right to receive care that is designed to meet both their routine and emergency medical needs.

30.   Because she was severely intoxicated and had a broken ankle/leg, Plaintiff had a serious medical need for assistance in ordinary physical activities.  In particular, Plaintiff had a serious and obvious need for help getting up, as well as, standing.   This medical need was obvious, in light of the facts that Defendants knew because of observations of her movements showed that she was prone to stumbling and falling and balancing.

31.   Because Plaintiff had an obvious medical need, she had a constitutional right to receive care for that need as set forth in the Fourteenth Amendment to the United States Constitution.

32.   Defendants DeRooy and Herman were deliberately indifferent to Plaintiff's serious medical needs when they made Plaintiff stand and get up and walk before and after she had fallen and had sustained a fractured

ankle/leg.  Defendant's manifested this deliberate indifference by, among other things:

(a) compelling Plaintiff to stand up without assistance;

(b) compelling Plaintiff to stand on a fractured ankle/leg;

(c) failing to help Plaintiff as she was compelled to walk on a fractured ankle/leg; and

(d) failing to provide assistance or physical support to Plaintiff when she was compelled to walk on a fractured ankle/leg.

33.   Defendants deliberate indifference to Plaintiff's medical needs violated Plaintiff's constitutional rights as set forth in the Fourteenth Amendment to the United States Constitution and violated her statutory rights under 42 U.S.C. § 1983.

34.   Defendants violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of Plaintiff's injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## 42 U.S.C. §1983

8

## FOURTEENTH AMENDMENT
## CONDITIONS OF CONFINEMENT

35. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

36. The Fourteenth Amendment to the United States Constitution imposes the following duty on Defendants:

   a. to provide humane conditions of confinement;

   b. to take responsible measure to guarantee inmates' safety; and

   c. to protect inmates from harm.

37. Defendants displayed a conscious disregard of the dangers that were apparent to Plaintiff and displayed a deliberate indifference to Plaintiff's safety and health when the knowingly and deliberately exposed her to a risk of harm on standing especially on one leg and compelling her to get up and stand and walk on a fractured ankle/leg.

38. The risk of harm was objectively sufficiently serious as Plaintiff was incarcerated under the conditions posing a substantial risk of serious harm.

39. Defendants acted with deliberate indifference and/or recklessly disregarded the risk.

40. That Defendants knew or should have known the risk, harm to Plaintiff, as it was obvious.

41. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT IV
### VIOLATION OF THE FOURTEENTH AMENDMENT
### 42 U.S.C. §1983 EXCESSIVE FORCE

42. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though full set forth herein.

43. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

44. Defendants violated Plaintiff's clearly established and federally protected right as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourteenth Amendment of the

United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive force, when they employed an unnecessary search and seizure of Plaintiff which resulted in significant injures to Plaintiff by making Plaintiff stand, stand on one leg, get up and stand after falling and walking on a fractured ankle/leg.

45. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

46. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from unreasonable searches and seizures.

47. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT V**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. §1983 DELIBERATE INDIFFERENCE/FAILURE TO**
**PROVIDE MEDICAL TREATMENT**

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein

49. Plaintiff's constitutionally protected rights that Defendant officers violated including the following:

   a. Her right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection;

   b. Her right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

50. Defendants' violation of their affirmative duties, prevented others from Plaintiff's constitutionally protected rights.  This situation, while Plaintiff

was under Defendants custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights.

51. Defendants, acting under color of law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

52. Defendants violated Plaintiff's federally protected rights by failing to properly or adequately attend to Plaintiff's severe and obvious medical needs, thereby exhibiting deliberate indifference.

53. Defendants' failure to promptly and adequately respond to Plaintiff's obvious and urgent need for adequate medical attention and their failure to ensure that elementary medical precautions were taken for Plaintiff's condition all exhibit their deliberate indifference to Plaintiff's serious medical needs.

54. Defendants denied Plaintiff adequate access to medical personnel and/or prevented Plaintiff from receiving immediate and/or necessary treatment.

55. Defendants acted wantonly, with deliberate indifferent to Plaintiff's serious medical needs.

56. At the time of the incident complained herein, it was clearly established that the Fourteenth Amendment prohibited the unnecessary and wanton infliction of pain by denying or delaying an inmate's access to medical care.

57. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourteenth Amendment rights and pursuant to 42 U.S.C. §1983, Plaintiff has  viable claim for compensatory and punitive damages, and costs, interest, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VI
## GROSS NEGLIGENCE

58. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59. Defendants entered into a special relationship with Plaintiff when she was taken into custody and when:

    (a) Defendants undertook actions towards Plaintiff that gave them an affirmative duty to act on Plaintiff's behalf with respect to protecting her from harms associated with her severe intoxication.

(b) Defendants knew that Plaintiff was severely intoxicated and unable to stand/balance safely and that Plaintiff could be harmed if they disregarded Plaintiff's intoxicated condition;

(c) Defendants took direct control over Plaintiff's person by taking her into custody and by compelling her to stand against the wall and then stand on one foot, even when she was severely intoxicated.

(d) Plaintiff justifiably relied on Defendants to assure her safety.

(e) Defendants also made Plaintiff get up and walk on a fractured ankle/leg and disregarded Plaintiff's cries for help.

60. As a result of this special relationship, Defendants voluntarily assumed a duty to Plaintiff to protect her from bodily harm that would result from her intoxicated condition.

61. Defendants did not take reasonable care to protect Plaintiff from harm resulting from her intoxicated condition.

62. When Defendants compelled Plaintiff to stand on one leg and required to get up and walk on a fractured ankle/leg, Defendants discontinued any aid or protection that had been given Plaintiff and subjected her to an unreasonable risk of injury.

63. Defendants' breaches of their duties of care to Plaintiff were a direct and proximate cause of her injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## <u>COUNT VII</u>
## <u>GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT</u>

64. Plaintiffs reallege and incorporate by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

65. From the time Plaintiff was arrested until the time that she fell, Defendants knew that Plaintiff was severely intoxicated, was not able to stand safely on her own, and was a greatly heightened risk of injury when standing without assistance and/or made to stand on one leg.

66. Defendants also knew or should have known Plaintiff was severally injured yet made her get up and walk on a fractured ankle/leg.

67. Defendants had the ability to reduce or eliminate Plaintiff's risk of injury. Specifically, Defendants had the ability to assist Plaintiff in avoiding any injury from walking on a fractured ankle/leg and in not having her stand on one leg.

68.     Defendants knew or should have known that his failure to provide Plaintiff with assistance was certain or highly likely to result in a significant injury to her.

69.     Defendants' wanton indifference to the risk of injury to Plaintiff was equivalent to a willingness that Plaintiff suffer an injury.

70.     Defendants' wanton and willful indifference to her safety was a direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VIII
## VIOLATION OF CONSTITUTIONAL RIGHTS
## (DEFENDANT COUNTY OF MUSKEGON)

71.     Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

72.    Under the Fourteenth Amendment of The United States Constitution, a person who is in pre-trial detention has a right to receive care that is designed to meet both their routine and emergency medical needs.

73.    Because she was severely intoxicated, Plaintiff had a serious medical need for assistance in ordinary physical activities.  In particular, Plaintiff had a serious and obvious need for assistance in walking.

74.    Defendant County of Muskegon acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that deprived Plaintiff of her constitutional right to care that is designed to meet her routine and emergency medical needs.

75.    These unlawful customs, policies, and/or practices included, but were not limited to the following:

(a) failing to train and supervise its officers in the provision of care sufficient to meet the medical needs of prisoners and detainees;

(b) failing to supervise, review, and/or discipline police officers whom the County of Muskegon knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct; and

(c) failing to require its officers and/or employees to comply with established policies and/or procedures and to discipline or reprimand officers who violated these established polices.

76. Defendant County of Muskegon's unlawful customs, policies, and/or practices constituted deliberate to Plaintiff's medical needs and violated her constitutional rights under the Fourteenth Amendment of the United States Constitution and her statutory rights under 42 U.S.C. § 1983.

77. Defendant County of Muskegon's violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of her injuries.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:  **s/Christopher J. Trainor**
     CHRISTOPHER J. TRAINOR (P42449)
     AMY J. DEROUIN (P70514)
     Attorneys for Plaintiffs
     9750 Highland Road
     White Lake, MI  48386
     (248) 886-8650
     amy.derouin@cjtrainor.com

Dated:  January 27, 2020
CJT

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**RAQUEL CLARK,**

    Plaintiff,

-vs-

**COUNTY OF MUSKEGON,**
**ASHLEY N. DEROOY, and**
**JERID HERMAN, in their individual and**
**official capacities,**

    Defendants.

CASE NO. 20-    CV
HON.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

## <u>DEMAND FOR TRIAL BY JURY</u>

**NOW COMES** Plaintiff, **RAQUEL CLARK,** by and through her attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for

Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES


BY:  **s/Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiffs
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated:  January 27, 2020
*CJT*